[Cite as *Cheviot Farms, Inc. v. Thurmond*, 2013-Ohio-5876.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| CHEVIOT FARMS, INC. | JUDGES:<br>Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellee | Hon. William B. Hoffman, J.<br>Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case No. 2013CA00085 |
| JOHN THURMOND | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Appeal from the Canton Municipal Court, Case No. 2013CVG1461

JUDGMENT:      Affirmed

DATE OF JUDGMENT ENTRY:      December 31, 2013

APPEARANCES:

For Defendant-Appellant      For Plaintiff-Appellee

JENNAM. McKEAN      ELIZABETH A. BURICK
ROBERT McNAMARA      Elizabeth A. Burick Co. LPA
McNamara, Demczyk Co., LPA      1428 Market Ave., N.
12370 Cleveland Avenue, N.W.      Canton, Ohio 44714
P.O. 867
Uniontown, Ohio 44685-9110

*Hoffman, J.*

{¶1} Defendant-appellant John Thurmond appeals the April 29, 2013 Judgment Entry entered by the Canton Municipal Court overruling his objections to the March 19, 2013 Magistrate's Decision and adopting the same in favor of Plaintiff-appellee Cheviot Farms, Inc.

STATEMENT OF FACTS AND PROCEDURAL HISTORY[1]

{¶2} On March 8, 2013, Appellee Cheviot Farms, Inc. filed a complaint in the Canton Municipal Court for forcible entry and detainer against Appellant John Thurmond seeking to evict him from property owned by the corporation.

{¶3} The case was initially assigned to Judge Mary Falvey. On March 18, 2013, a magistrate conducted an eviction hearing pursuant to Appellee's complaint for forcible entry and detainer. On March 19, 2013, the magistrate issued a Report, later approved by the trial court, ordering a writ of restitution in favor of Appellee Cheviot Farms, Inc.

{¶4} On March 20, 2013, Judge Falvey transferred the case to Judge John Poulos due to a conflict of interest.

{¶5} Appellant filed an objection to the Magistrate's Decision on March 26, 2013, asserting the trial court magistrate failed to consider whether Cynthea Wieland had authority to evict Appellant on behalf of Appellee Cheviot Farms, Inc. Specifically, Appellant cites an April 14, 2012 meeting wherein Cynthea Wieland was elected President of Cheviot Farms, Inc. Appellant alleges all of the corporation's

---

[1] A full rendition of the underlying facts is unnecessary for our resolution of the appeal.

shareholders were not properly noticed of the April 14, 2012 meeting. Appellee filed a written response to the objections on April 5, 2013.

{¶6} The trial court conducted a hearing on Appellant's objections to the Magistrate's Report on April 29, 2013. At the hearing, counsel for both parties made arguments, but new evidence was not introduced.

{¶7} Via Judgment Entry of April 29, 2013, the trial court overruled Appellant's objections to the Magistrate's Report.

{¶8} Appellant now appeals, assigning as error:

{¶9} "I. THE TRIAL COURT ERRED, TO THE PREJUDICE OF JOHN THURMOND, BY OVERRULING HIS OBJECTION TO THE MAGISTRATE'S DECISION AND ISSUING A WRIT OF RESTITUTION.

{¶10} "II. THE JUDGMENT BELOW WAS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE."

{¶11} Initially, we note, Appellant did not provide a written transcript of the March 18, 2013 hearing before the magistrate to the trial court to support his objections to the Magistrate's Report.

{¶12} Ohio Civil Rule 53(D) provides in pertinent part,

{¶13} "(b) *Objections to magistrate's decision.*

{¶14} *"(i) Time for filing.* A party may file written objections to a magistrate's decision within fourteen days of the filing of the decision, whether or not the court has adopted the decision during that fourteen-day period as permitted by Civ.R. 53(D)(4)(e)(i). If any party timely files objections, any other party may also file objections not later than ten days after the first objections are filed. If a party makes a timely

request for findings of fact and conclusions of law, the time for filing objections begins to run when the magistrate files a decision that includes findings of fact and conclusions of law.

**{¶15}** *"(ii) Specificity of objection.* An objection to a magistrate's decision shall be specific and state with particularity all grounds for objection.

**{¶16}** *"(iii) Objection to magistrate's factual finding; transcript or affidavit.* An objection to a factual finding, whether or not specifically designated as a finding of fact under Civ.R. 53(D)(3)(a)(ii), shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that finding or an affidavit of that evidence if a transcript is not available. With leave of court, alternative technology or manner of reviewing the relevant evidence may be considered. The objecting party shall file the transcript or affidavit with the court within thirty days after filing objections unless the court extends the time in writing for preparation of the transcript or other good cause. If a party files timely objections prior to the date on which a transcript is prepared, the party may seek leave of court to supplement the objections."

**{¶17}** On March 19, 2013, the Canton Municipal Court Clerk issued a Notice of Magistrate's Report, which included the following language,

**{¶18}** "Please note at this time that the Court may not require a prepared transcript at your expense, but rather may review the electronic record of your eviction hearing when considering your objection.

**{¶19}** "IN THE EVENT TRANSCRIPTS ARE NEEDED, a one hundred dollar ($100.00) advance cash deposit will be required at the time of filing the objection."

**{¶20}** The docket indicates a second notice was sent to Appellant issued the same date, which omits the language above, but reiterates,

**{¶21}** "IN THE EVENT TRANSCRIPTS ARE NEEDED, a one hundred dollar ($100.00) advance cash deposit will be required at the time of filing the objection."

**{¶22}** Upon our review of the record, we conclude the March 19, 2013 notices issued by the Clerk of the Canton Municipal Court, when read in conjunction with the provisions of Civil Rule 53(D)(3)(b), required Appellant to file a transcript of the hearing before the magistrate when filing objections to the Magistrate's Report, unless leave of the trial court has been granted. The record does not indicate Appellant filed a written request or motion for leave of the trial court to consider alternative technology.

**{¶23}** Pursuant to the dictates of Civil Rule 53, the party objecting has the burden of demonstrating those objections through the record. Failure to provide an acceptable record to the trial court allows the trial court to disregard any objections to factual matters, which have been challenged. *Belock v. Belock* (Mar. 25, 1994), Geauga App. No. 92-G-1748, unreported.

**{¶24}** Any objection to a finding of fact shall be supported by a transcript of all the evidence submitted to the magistrate relevant to that fact or an affidavit of that evidence if a transcript is not available. *Mills v. Burkey* Fifth Dist. 2002AP050040, 2002-Ohio-6171. While the rule and notice from the trial court provide for leave of court allowing alternative technology to be considered, the record herein does not demonstrate Appellant sought written leave of the court to excuse the necessity of filing the transcript herein.

**{¶25}** Appellant's first and second assigned errors are overruled.

**{¶26}** The judgment of the Canton Municipal Court is affirmed.

By: Hoffman, J.

Gwin, P.J.  and

Delaney, J. concur

_____
HON. WILLIAM B. HOFFMAN


_____
HON. W. SCOTT GWIN


_____
HON. PATRICIA A. DELANEY

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

CHEVIOT FARMS, INC.     :
    :
     Plaintiff-Appellee     :
    :
-vs-     :      JUDGMENT ENTRY
    :
JOHN THURMOND     :
    :
     Defendant-Appellant     :      Case No. 2013CA00085

For the reason stated in our accompanying Opinion, the April 29, 2013 Judgment
Entry entered by the Canton Municipal Court is affirmed. Costs to Appellant.

_____
HON. WILLIAM B. HOFFMAN

_____
HON. W. SCOTT GWIN

_____
HON. PATRICIA A. DELANEY